**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TROY WALKER; and JOAN WALKER,

    Plaintiffs,

v.                                              Case No. 6:13-cv-1546-Orl-37GJK

YAMAHA MOTOR CO., LTD.; YAMAHA
MOTOR CORPORATION, U.S.A.; ED
TUCKER DISTRIBUTOR, INC.; and
MHR HELMETS/JIANGMEN
PENGCHENG HELMETS LIMITED,

    Defendants.

**ORDER**

Before the Court is the Stipulated [First] Request to Extend Pretrial Deadlines (Doc. 113), filed May 13, 2015.

This product liability personal injury action arises out of a motor vehicle accident that is alleged to have occurred on May 1, 2010 in Osceola County, Florida. (Doc. 2.) Plaintiff initiated the action in state court on May 1, 2013 (Doc. 2), and Defendant subsequently removed it to this court on October 4, 2013 pursuant to 18 U.S.C. § 1332 (Doc. 1).

Following some delay associated with service of process and identification of defendants, the parties submitted their Joint Case Management Report ("CMR") on July 29, 2014, requesting a discovery deadline of September 2, 2015, and a trial date of March 2016.[1] (Doc. 91.) The parties now request additional time to complete fact and

---

[1] The CMR actually requested a March 2015 trial date (Doc. 91, p. 2), but the Court assumed this was a typographical error.

technical discovery and move for approval of an amended timeline with a discovery deadline of February 8, 2016, and a trial date of August 2016. (Doc. 113.)

As the parties recognize in their CMR, Local Rule 3.05(c)(2)(E) sets a goal of trial within one year of filing a complaint in most cases, and within two years in all track two cases. (*See* Doc. 91, p. 2.) The delay in removal as well as the issues related to service of process justified a trial setting in March of 2016, notwithstanding the fact that almost six years will have elapsed from the date of the accident and almost three years from the date the action was initiated.

The Court's Case Management and Scheduling Order ("CMSO") specifically advises the parties that "motions to extend the dispositive deadline or to continue the trial are generally denied." (Doc. 95, p. 5.) Likewise,

> motions for an extension of other deadlines established in this order, including motions for an extension of discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b); Local Rule 3.09(a). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance.

(*Id.*)

Either in disregard or lack of note of the clear language in the Court's CMSO, the parties request an extension of the trial date, the discovery deadline, the dates for disclosure of experts, and the dispositive motions deadline "due to unexpected delays in scheduling depositions and completing discovery." (Doc. 11, p. 2.) But the CMSO makes it clear that failure to complete discovery is not sufficient cause to extend deadlines. (*See* Doc. 95, p. 5.)

The title of the parties' request also concerns the Court. That it is a "first" request

suggests that perhaps there will be more to follow; alternatively, it suggests that the parties are entitled one free schedule modification even absent good cause so long as they "stipulate" that it would be helpful to them. The Court's CMSO makes it clear that such is not the case. (*See id.*)

Accordingly, no good cause having been shown, it is hereby **ORDERED AND ADJUDGED** that the Stipulated [First] Request to Extend Pretrial Deadlines (Doc. 113) is **DENIED**. The Court's CMSO (Doc. 95) remains in effect and the parties are **DIRECTED** to comply with the dates and deadlines therein.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 20, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record