**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TROY WALKER; and JOAN WALKER,

    Plaintiffs,

v.                                            Case No. 6:13-cv-1546-Orl-37GJK

YAMAHA MOTOR CO., LTD.; YAMAHA
MOTOR CORPORATION, U.S.A.; ED
TUCKER DISTRIBUTOR, INC.; and
MHR HELMETS/JIANGMEN
PENGCHENG HELMETS LIMITED,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant, Yamaha Motor Corporation, U.S.A.'s Motion to Strike and Disqualify Plaintiffs' Experts (Doc. 116), filed June 1, 2015;

2. Plaintiff's Motion for Reconsideration of the Court's May 20, 2015 Order Denying the Parties' Stipulated Request to Extend Pretrial Deadlines, and Plaintiff's Request for a Brief Extension of the Deadlines to Disclose Expert Reports, Complete Discovery and File Pretrial Motions (Doc. 117), filed June 1, 2015; and

3. Yamaha Motor Co., Ltd. and Yamaha Motor Corporation, U.S.A.'s Emergency Motion for Extension of Time to File Expert Disclosures and Reports (Doc. 124), filed June 4, 2015.

On May 13, 2015, the parties to this product liability personal injury action filed a "Stipulated [First] Request to Extend Pretrial Deadlines" due to "unexpected delays" in

discovery that purportedly prevented Plaintiffs from disclosing their expert reports by May 5, 2015, as required by the Court's Case Management and Scheduling Order ("CMSO"). (Doc. 113; *see also* Doc. 95, p. 1.) The parties sought extensions of their discovery deadlines, dispositive motion deadlines, pretrial requirement deadlines, and trial term. (Doc. 113.) The Court denied the joint request, explaining that "motions to extend the dispositive deadline or to continue the trial are generally denied" and that "[f]ailure to complete discovery within the time established by [the CMSO] shall not constitute cause for continuance." (Doc. 114; *see also* Doc. 95, p. 5.)

Having been dealt a setback by virtue of their insouciance to the Court's prior admonitions, Plaintiffs now move the Court to reconsider its May 20, 2015 Order denying the joint request to extend deadlines (Doc. 113).[1] (Doc. 117.) Unsurprisingly, Plaintiffs do not cite any authority for such a request. (*Id.*) Perhaps this is because reconsideration typically requires: (1) newly discovered evidence; (2) demonstrated clear error or manifest injustice; or (3) an intervening change in the controlling law. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). None of the aforementioned grounds are present in this case, and reconsideration is not warranted where a party seeks to reargue the same points with more fervor; the use of bold-face font; or more-fully fleshed out argument that the Court previously found unpersuasive.

Additionally, Plaintiffs' Motion includes a modified request for an extension of time

---

[1] Having reviewed Defendant, Yamaha Motor Corporation, U.S.A.'s ["Yamaha USA"], Motion to Strike and Disqualify Plaintiffs' Experts (Doc. 116), the Court has a clear picture of Yamaha USA's view of the proper repository of fault for the failure of this litigation to proceed in an orderly and efficient way. Presumably, Yamaha USA's view reflects the view of the remaining Defendants who did not join in the Motion with Plaintiffs. Accordingly, and in the interest of conserving resources, the Court will dispose of the Motion (Doc. 117) without further response from the Defendants.

to disclose expert reports, complete discovery, and file dispositive motions. (Doc. 117.) For this, a review of the Court's CMSO may be helpful:

> The deadlines established in this [CMSO] are not advisory but must be complied with absent approval of the Court.
>
> 1. **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception *only when necessary to prevent manifest injustice.* . . .
>
> 2. **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. *The deadline will not be extended absent a showing of good cause.* Fed. R. Civ. P. 16(b); Local Rule 3.09(a). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance.

(Doc. 95, p. 5 (emphasis added).)

Despite the language of the CMSO, which has been in place since August 18, 2014, Plaintiffs raise communication problems, trial commitments, and alleged discovery abuses in an effort to persuade the Court that they are not the author of their own misfortune and that their noncompliance should be overlooked or excused. To show the reasonableness of this request, they repeatedly point out (in bold font) that they *only* seek an 87-day extension of the expert disclosure date (which had already expired at the time the initial joint request for extension of deadlines was filed) and a 44-day extension of the discovery deadlines, together with a 44-day extension of the dispositive motions deadline. (Doc. 117, pp. 3, 6, 15, 19, 20–21.) The end result would require the Court to consider and resolve potentially complex dispositive motions in a compressed time frame in order to ensure that the case is ready to proceed to the pretrial conference with those rulings in

hand. This brings to mind an old saying: "Lack of planning on your part does not constitute an emergency on mine."

That there is blame to be shared for the dilatory way this case has been litigated among the parties is not subject to much contest. That said, in this Court's experience, it is rare to see defendants eager to rush to jury selection and trial. More commonly, their response to calendar call is akin to the untrained dog's call to heel. In keeping with that spirit, Defendants apparently do not oppose a delay so long as they do not have to "go first" on expert disclosures (*see* Doc. 113 (joining Plaintiffs for the first deadline extension request); Doc. 116 (explaining that Yamaha USA does not want to have to disclose their experts and provide reports "without the benefit of knowing exactly what Plaintiffs' claims are or even what claims [Defendants] are defending against." They can hardly claim prejudice if the Court grants Plaintiff's requested extension, however undeserved it may be. [2]

Therefore, in an effort to resolve this case on its merits and to avoid prejudice to Plaintiffs, lest they be lost in the kerfuffle, the Court will extend by grace and not for cause the dates for the disclosure of the parties' experts and discovery of their opinions. Resolution of the parties pending discovery dispute shall not be considered grounds for any further modification of the schedule.

In light of the foregoing, the Court finds that Yamaha Motor Co., Ltd. and Yamaha Motor Corporation, U.S.A.'s Emergency Motion for Extension of Time to File Expert Disclosures and Reports (Doc. 124) and Defendant, Yamaha Motor Corporation, U.S.A.'s

---

[2] What Plaintiffs seek, in reality, is not equitable or legal relief since they have no good cause, but rather the Court's grace to permit them to identify and disclose their experts in light of the stew into which they cooked themselves.

4

Motion to Strike and Disqualify Plaintiffs' Experts (Doc. 116) are due to be denied as moot.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Reconsideration of the Court's May 20, 2015 Order Denying the Parties' Stipulated Request to Extend Pretrial Deadlines, and Plaintiff's Request for a Brief Extension of the Deadlines to Disclose Expert Reports, Complete Discovery and File Pretrial Motions (Doc. 117) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **GRANTED** to the extent that:

        i. The deadline for Plaintiffs to disclose their experts is extended to **July 6, 2016**, and the deadline for Defendants to disclose their experts is extended to **August 3, 2015**.[3]

        ii. While the discovery deadline for fact witnesses will remain as originally set at September 2, 2015 (*see* Doc. 95), the deadline for discovery of opinions held by expert witnesses is extended to **October 2, 2015**.

    b. The Motion is **DENIED** in all other respects. The deadline for dispositive motions, the date of the pretrial conference, and the trial term date remain unchanged. Any portion of the Court's CMSO (Doc. 95) not specifically amended herein remains in effect.

2. Yamaha Motor Co., Ltd. and Yamaha Motor Corporation, U.S.A.'s Emergency Motion for Extension of Time to File Expert Disclosures and

---

[3] Amongst these seasoned combatants, the Court doubts there is much mystery on either side about the experts that will be disclosed or the bases for their opinions.

5

Reports (Doc. 124) is **DENIED AS MOOT**.

3. Defendant, Yamaha Motor Corporation, U.S.A.'s Motion to Strike and Disqualify Plaintiffs' Experts (Doc. 116) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 5, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record