## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TROY WALKER and JOAN WALKER,**            **CASE NO.  6:13-CV-1546-ORL-**
**his wife,**                               **37-RBD-GJK**

                       **Plaintiffs,**

**vs.**

**YAMAHA MOTOR CO., LTD.,**
**YAMAHA MOTOR CORPORATION, U.S.A.,**
**ED TUCKER DISTRIBUTOR, INC.;**
**MHR HELMETS/JIANGMEN**
**PENGCHENG HELMETS LIMITED,**

                       **Defendants.**
_____/

### JOINT PRETRIAL STATEMENT

COME NOW the Parties, by and through their undersigned counsel, and pursuant to

Local Rule 3.06 file this Joint Pretrial Stipulation as follows:

      **1.**      **JURISDICTION:**

The basis for Federal Jurisdiction in this matter is diversity among the parties, 28

U.S.C. §1332.

      **2.**      **NATURE OF THE ACTION:**

This is a personal injury-strict products liability case arising out of a collision involving

a 2004 Yamaha Road Star Silverado motorcycle which occurred on May 1, 2010 in

Kissimmee, Osceola County, Florida.

      **3.**      **JOINT STATEMENT OF CASE TO BE READ TO THE JURY:**

The Plaintiffs have asserted strict liability claims against the Yamaha

Defendants that the 2004 Yamaha Road Star Silverado motorcycle that Troy Walker

was riding was defective in its design.   Plaintiffs claim that the motorcycle's conspicuity system, including its headlight, was insufficient to enable other motorists including Laura Rodriguez to properly judge a motorcycle's speed and distance that caused Troy Walker's injuries from a vehicle collision.

Yamaha asserts that the conspicuity system, including lighting, of the 2004 Yamaha Road Star Silverado motorcycle is not defective, but that another driver, Laura Rodriguez caused the accident and Mr. Walker's injuries because she failed to properly yield the right-of-way by a making a u-turn in the coming path of the motorcycle even though she admittedly saw the motorcycle approaching.

4.    **EXHIBITS:**

A.    <u>Plaintiffs' Exhibits</u>:  Plaintiffs' Exhibit List is attached hereto as **Exhibit "A"**. Defendant's objections to Plaintiffs' exhibits are incorporated into Plaintiffs' Exhibit List, which is attached hereto as **Exhibit "A"**.

B.    <u>Defendant's Exhibits</u>:  Defendant's Exhibit List is attached hereto as **Exhibit "B"**.  Plaintiffs' objections to Defendant's Exhibits are incorporated into Defendant's Exhibit List, which is attached hereto as **Exhibit "B"**.

5.    **WITNESSES:**

A.    **<u>Plaintiffs' Non-Expert Witnesses Who Will Be Called – A List</u>**

The non-expert witnesses whom Plaintiffs will call at trial, as well as the subject matter of each witnesses' testimony is as follows:

1.  Troy Walker.  Mr. Walker is a Plaintiff.  He will testify regarding his recollection of the morning of the accident up to his last memory before the accident.  He will testify about his life prior to and since the accident.  Mr. Walker was deposed in

this matter and Plaintiffs expect he will testify consistent with his deposition testimony.

2. Joan Walker.  Mrs. Walker is a plaintiff and is the wife of Troy Walker.  She will testify regarding her knowledge of the day of the accident.  She will testify about her understanding of Troy's injuries, his needs on a daily basis, and their damages. Mrs. Walker will testify about Troy's pre-accident employment, work history and his contributions to their home and family, including his financial support and as both a husband and father.  She will testify about their lives pre- and post-accident, including the impact this accident has had on her, Troy, their relationship as a husband and wife and on their children.  Mrs. Walker was deposed in this matter and Plaintiffs expect she will testify consistent with her deposition testimony.

3. Laura Rodriguez – Via deposition designation [*See* Section 8A.]

4. Ikuo Ishizuka – Via deposition designation [*See* Section 8A.]

B.   **Plaintiffs' Non-Expert Witnesses Who May Be Called – B List**

The non-expert witnesses whom the Plaintiffs may call at trial, and the subject matter of each witnesses' anticipated testimony is as follows: [NOTE: The defendants have identified the following individuals as witnesses the defendants will call at trial (defendants' A List).  In the event the defendants do not call one of these witnesses, Plaintiffs may do so or would ask that the Court permit the Plaintiffs to submit page and line designations from their depositions at that time.]

1. Jerome Godwin.  Officer Godwin (Ret.) responded to and investigated the collision for the Kissimmee Police Department.  He is expected to testify about his involvement in the investigation, his observations at the scene, including the subject vehicles.  He prepared the police report and is expected to lay foundation for that report, as well as information contained within his report, including police measurements and photographs.  Officer Godwin was deposed in this matter and Plaintiffs expect he will testify consistent with his deposition testimony.

2. Andrew Bennett.  Mr. Bennett owned the subject 2004 Yamaha Road Star motorcycle that Troy Walker was test-riding at the time of the collision.  Mr. Bennett will testify regarding his purchase and ownership of the vehicle.  Mr.

Bennett was deposed in this matter and Plaintiffs expect he will testify consistent with his deposition testimony.

3. Nilda Figueroa-Santiago. Ms. Figueroa-Santiago is listed in the police report. She will testify regarding her recollection of what she saw, heard and did just prior to and immediately after the time she believed collision occurred. He is expected to testify regarding his observations before, during and after the incident. Ms. Figueroa-Santiago was deposed in this matter and Plaintiffs expect she will testify consistent with her deposition testimony.

4. Custodians of records from each of the providers and/or facilities who have treated Troy Walker for accident-related injuries to lay foundation for the records and bills and to the extent necessary to offer fact and/or opinion testimony regarding the fair and reasonable cost/value of the medical bills incurred by the Plaintiffs for accident-related care and treatment based on the witness' familiarity with the cost and/or value of the care and treatment, from regular review of bills for care and treatment.

**Defendants' objections to the Plaintiffs' witnesses are as follows**:

Defendants object to Plaintiffs presenting Laura Rodriguez' deposition testimony because she is not unavailable and thus must testify live absent a showing otherwise.

Defendants' Non-Expert Witnesses: For those non-expert witnesses whom Defendants will call at trial, as well as the subject matter of each witnesses' testimony, is as follows

**Witness that will be called – A List**

a. **Laura Rodriguez**
Laura Rodriguez will testify regarding her personal actions and observations. This includes, but is not limited to the fact that she had an unobstructed view of the roadway and could clearly see the motorcycle approaching; that she believed she had sufficient time to execute her turn; and that she executed her turn too slowly. Ms. Rodriguez was deposed in this matter and the Yamaha Defendants expect her testimony to be consistent with her deposition testimony.

b. **Jerome Godwin**
Jerome Godwin performed the preliminary traffic homicide investigation for the Kissimmee Police Department. Mr. Godwin will testify regarding his personal observations, his investigation, and his conclusions reached in connection with his role as the Traffic Homicide Investigator for the Kissimmee Police Department. This includes, but is not limited to physical evidence at the

scene and on the vehicle and motorcycle.  Mr. Godwin will also testify regarding the measurements and photographs taken of the accident scene and vehicles and the interviews with various witnesses. Mr. Godwin will also testify regarding the conclusions he reached regarding how the accident occurred and the actions of Laura Rodriguez based on the physical evidence and his investigation.  Mr. Godwin was deposed in this matter and the Yamaha Defendants expect his testimony to be consistent with his deposition testimony.

**c.  Andrew Bennett**

Mr. Bennett was the owner of the subject 2004 Yamaha Road Star Silverado motorcycle that was involved in the accident.  Mr. Bennett will testify regarding his personal experience with the operation, performance and safety of the subject motorcycle. Mr. Bennett was deposed in this matter and the Yamaha Defendants expect his testimony to be consistent with his deposition testimony.

**d.  Nilda Figueroa-Santiago**

Ms. Santiago was an after the fact witness to the accident.  Ms. Santiago will testify regarding her observations of the subject motorcycle, vehicle and roadway prior to and after the accident.  Ms. Santiago was deposed in this matter and the Yamaha Defendants expect her testimony to be consistent with her deposition testimony.

**e.  Ikuo Ishizuka - Yamaha Motor Co., Ltd. (YMC) Corporate Representative – by deposition**

Mr. Ishizuka will testify based on his personal knowledge, education, training, experience at Yamaha Motor Co., Ltd. and review of documents and other materials regarding the design, manufacturing and testing processes used by Yamaha Motor Co., Ltd. Mr. Ishizuka is expected to testify that the subject 2004 Yamaha Road Star Silverado exceeded all FMVSS 108 requirements regarding motorcycle lighting and conspicuity.  Mr. Ishizuka was deposed in this matter and the Yamaha Defendants expect his testimony to be consistent with his deposition testimony

**f.  Jeffery Wiggins**

Mr. Wiggins will testify regarding the design of the helmet.  Mr. Wiggins was deposed in this matter and the Yamaha Defendants expect his testimony to be consistent with his deposition.


**Witnesses who may be called – B List**

**a.  John Mulligan**

Mr. Mulligan will testify regarding his personal observations, his investigation, and his conclusions reached in connection with his role as a crime scene tech.

This includes, but is not limited to physical evidence at the scene, on and in the vehicle and motorcycle and the data obtained from the scans performed at the scene and on the Montero and Yamaha motorcycle. Mr. Mulligan was not deposed in this matter.

**Plaintiffs' objections to Defendant's witnesses are as follows:**

Plaintiffs object to the Defendants calling Dr. Wiggins at trial (Paragraph f above).  The Defendants have not timely disclosed any evidence, expert witness or opinions that in any way pertain to Mr. Walker's helmet.

6.    **EXPERT WITNESSES**

A.    **Plaintiffs' Expert Witnesses**

1.  **George Meinschein**, accident reconstruction, and rebuttal of the defendants' experts' opinions.  For a more complete analysis of Mr. Meinschein's expected testimony, please see his expert report, his deposition, and all of the materials produced or referenced prior to or at his deposition.

2.  **Robert Wright, Ph.D.,** issues related to motorcycle lighting, defect, causation, and rebuttal of the defendants' experts' opinions.  For a more complete analysis of Dr. Wright's expected testimony, please see his expert report, his deposition, all of the materials produced or referenced prior to or at his deposition, and his Affidavit in support of Plaintiffs' responses in opposition to the Yamaha defendants' motion for summary judgment and motion to strike Dr. Wright and Dr. Hancock.

3.  **Peter Hancock, Ph.D.,** issues related to motorcycle lighting and conspicuity, vehicle detection, human factors and ergonomics, exemplar site study, and rebuttal of the defendants' experts' opinions.  For a more complete analysis of Dr. Hancock's expected testimony, please see his expert report, his deposition, all of the materials produced or referenced prior to or at his deposition, and his Affidavit in support of Plaintiffs' responses in opposition to the Yamaha defendants' motion for summary judgment and motion to strike Dr. Wright and Dr. Hancock.

4.  **Guy Fried, M.D.,** issues related to Mr. Walker's medical, occupational, physical rehabilitation and disability, past and future medical care and equipment needs, his life expectancy, current medical condition (related to Mr. Walker's inability to ever obtain gainful employment due to the nature

and extent of his permanent traumatic brain injury), and reasonableness and necessity of Mr. Walker's accident-related medical care and treatment and associated costs for such care and treatment to date. For a more complete analysis of Dr. Fried's expected testimony, please see his expert report, his deposition, and all of the materials produced or referenced prior to or at his deposition.

5. **John R. Sass, Psy. D.,** Neuropsychologist – issues relating to Troy Walker's significant and multiple cognitive, physical, behavioral and emotional deficits, ongoing and significant post-injury adjustment problems, marital discord, and other associated disturbances that prevent Troy Walker from ever obtaining gainful employment in the future, all of which are directly related to the traumatic brain injury he suffered in the subject accident. For a more complete analysis of Dr. Sass's expected testimony, please see his expert report, and all of the materials referenced in his report and produced in his file.

6. **Catherine Rogers, Ph.D.,** Psychologist, diagnostic interview and neuropsychological evaluation of Troy Walker, summary, impressions and recommendations based upon her evaluation, and Troy Walker's major neurocognitive and emotional functioning deficits. For a more complete analysis of Dr. Rogers' expected testimony, please see her Neuropsychological Treatment Summary, and all of the materials referenced in her Summary and produced in her file.

7. **Alex Karras,** Life Care Planner, Troy Walker's future medical and equipment needs, long-term care options (home care and facility care), and associated costs of these needs given at current value. For a more complete analysis of Mr. Karras' expected testimony, please see his expert report, his deposition, and all of the materials produced or referenced prior to or at his deposition.

8. **Andrew Verzilli**, issues related to the Plaintiffs' economic damages and losses, including past accident-related medical expenses and past lost wages, economic analysis of the present value of the loss in lifetime earning capacity, and future medical care costs for Mr. Walker as detailed in Alex Karras' Life Care Plan. For a more complete analysis of Mr. Verzilli's expected testimony, please see his expert report, his deposition, and all of the materials produced or referenced prior to or at his deposition.

9. If necessary, the Plaintiffs will call the billing specialist with Paradigm Health, Claims Review Services, 1001 Galaxy Way, Suite 300, Concord CA 94520, which performed the medical records and billing review of Mr. Walker's accident-related medical records and bills on behalf of the workers

compensation carrier (which is a party to this action) to offer fact and/or opinion testimony regarding the fair and reasonable cost/value of the medical bills incurred by the Plaintiffs for accident-related care and treatment based on the witness' familiarity with the cost and/or value of the care and treatment, from regular review of bills for care and treatment in both Florida and Georgia (the Plaintiffs' geographic areas) and/or nationally, or as part of the witness' regular duties in evaluating such costs.

**Defendants' Objections**:

1) Defendants' object to Paragraph 9 above to the extent it refers to an undisclosed expert witness;
2) Defendants' object to the experts' identified in paragraphs 4-7 to the extent the damages testimony is cumulative and unduly prejudicial.

b.   Defendant's Expert Witness

1. **Thomas J. Carter, P.E. – accident reconstruction** – Accident reconstruction, rebuttal of plaintiffs' experts' opinions. For a more complete analysis of Mr. Carter's expected testimony, please see his expert report, his deposition, and all of the materials produced or referenced at his deposition.

2. **Kris D. Kubly, P.E. - motorcycle design** – design and testing issues relating to the stability and handling of the subject 2004 Yamaha Road Star Silverado motorcycle, comparison of the subject motorcycle to other peer and non-peer motorcycles, including an accident specific analysis of how the subject motorcycle performed in the subject accident and how the design of the motorcycle is safe and non-defective and the Yamaha Defendants were not negligent, rebuttal of plaintiffs' experts' opinions. For a more complete analysis of Mr. Kubly's expected testimony, please see his expert report, his supplemental expert report, and all of the materials produced or referenced in his materials.

3. **Kevin C. Breen – motorcycle lighting and conspicuity -** design and testing issues relating to the lighting and conspicuity of the subject 2004 Yamaha Road Star Silverado motorcycle, comparison of the subject motorcycle to other peer and non-peer motorcycles, including an accident specific analysis of how the subject motorcycle performed in the subject accident and how the design of the motorcycle's lighting is safe and non-defective and the Yamaha Defendants were not negligent, rebuttal of plaintiffs' experts' opinions. For a more complete analysis of Mr. Breen's

8

expected testimony, please see his expert report, his supplemental expert report, and all of the materials produced or referenced in his materials.

4. **Nathan T. Dorris, Ph.D. – human factors** – analysis of human-product interaction issues from a human factors perspective relating to the visibility and conspicuity characteristics of the 2004 Yamaha Road Star Silverado; factors influencing the driver's left turn decision; human factors analysis of Ms. Rodriguez's left turn and how the design of the motorcycle's lighting is safe and non-defective and the Yamaha Defendants were not negligent, rebuttal of plaintiffs' experts' opinions.  For a more complete analysis of Dr. Dorris' expected testimony, please see his expert report, his supplemental expert report, and all of the materials produced or referenced in his materials.

**Plaintiffs' Objections**:

Plaintiffs object to Paragraphs 1 through 4 above pending rulings by the Court on the

Plaintiffs' Omnibus Motion *in Limine*.

7.     **DAMAGES:**

Plaintiffs:

Plaintiffs' damages claims include the following for each of the named Plaintiffs:

1.   Troy Walker

| Description | Amount Sought |
| --- | --- |
| Past incurred medical expenses for accident-related medical treatment and care provided to Troy Walker. | $1,546,529.90* |
| Future accident-related medical treatment and care, to include medical and rehabilitative-housing-attendant care, and the costs of his future care needs. | $5,546,448 - $6,632,579[1] |
| Past lost earnings | $160,869 |
| Loss of earnings capacity | $1,052,062 |
| Pain and suffering, disfigurement, embarrassment, and the loss of the ability to live and function on his own. | To be assessed by the jury. |

* Mr. Walker's medical care is ongoing and this amount is subject to increase as new billing records are received.  In addition, these medical expenses were paid by Mr. Walker's workers compensation carrier, which has asserted a recovery interest in the

---

1  These figures are as of July 2, 2015 (as set forth in the report of Andrew Verzilli).

amount of $3,430,557.94 ($1,546,529.90 for past medical expenses; $205,191.80 in indemnity payments; and $1,884,028for the Medicare Set Aside.

2.   Joan Walker

| Description | Amount Sought |
|---|---|
| Loss of her husband's services, companionship, and consortium in the past and will continue to sustain such losses in the future. | To be assessed by the jury. |

3.   TW (Minor)

| Description | Amount Sought |
|---|---|
| Loss of her father's services, comfort, companionship and society in the past and will continue to sustain such losses in the future. | To be assessed by the jury. |

4.   MD (Minor)

| Description | Amount Sought |
|---|---|
| Loss of her father's services, comfort, companionship and society in the past and will continue to sustain such losses in the future. | To be assessed by the jury. |

Defendants:

The Yamaha Defendants do not expect to offer any testimony on damages.

**8.   DEPOSITIONS:**

**By Plaintiffs:**

Plaintiffs designate the following deposition testimony taken in this case if the defendants do not call these witnesses at trial:

1.   Laura Rodriguez

2.   Ikuo Ishizuka

Plaintiffs' page and line designations are attached hereto as **Exhibit "C"**.  Defendants' objections and counter designations to Plaintiffs' designated deposition testimony are also

contained in **Exhibit "C"** by witness.  The Plaintiffs request permission to revise/supplement these designations subject to the Court's rulings on the parties' pending motions *in limine*.

> ### <u>By Defendants</u>:

The Yamaha Defendants have designated from the following depositions taken in the case:

      a.      Laura Rodriguez*

      b.      Ikuo Ishizuka*

      c.      Jeffrey Wiggins*

Those designations are the most likely designations to be relevant to the disputed issues of fact, based on the Yamaha Defendants' understanding of Plaintiffs' cause of action.  The page and line designations, along with Yamaha's express reservation to revise/supplement the designations as things change, are attached as **Exhibit "D"**.  Plaintiffs' objections to Defendant's designated deposition testimony are also contained in **Exhibit "D"** by witness.

     *Defendants reserve the right to call any of these witnesses live.

    **9.**    **UNDISPUTED FACTS:** The following are facts about which there is no dispute:

      a.      The subject crash took place on May 1, 2010 at approximately 1:00 p.m.

      b.      The subject crash took place on East Vine Street, near its intersection with Magnolia Street, in Kissimmee, Osceola County, Florida.

      c.      It was a sunny day and traffic in the area of the subject collision was moderate.

      d.      Just prior to the crash Troy Walker was operating the subject 2004 Yamaha Road Star Silverado eastbound on East Vine Street.

e.      The posted speed limit on East Vine Street was 45 mph.

f.      Just prior to the crash Laura Rodriguez was attempting to make a turn from westbound East Vine Street to eastbound East Vine Street.

g.      Just before the collision, Ms. Rodriguez drove her vehicle into the dedicated left turn lane on the west side of East Vine Street.

h.      The motorcycle that was involved in the crash was a 2004 Yamaha Road Star Silverado.

i.      The subject motorcycle was owned by Andrew Bennett.

j.      Mr. Bennett had brought the motorcycle to The Motorcycle Clinic for repair prior to the crash.

k.      Troy Walker was an employee of The Motorcycle Clinic.

l.      Troy Walker was test riding the subject motorcycle as part of his employment with The Motorcycle Clinic.

m.      Mr. Walker was wearing a helmet at the time of the collision.

n.      The 2004 Yamaha Road Star Silverado impacted the right front passenger door of Ms. Rodriguez's vehicle.

**10.      PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT:**

The parties agree that the substantive law of Florida shall apply.  The parties agree that the Federal Rules of Evidence shall apply.

**11.      DISPUTED FACTS:**

List of Issues of Fact Which Remain to be Litigated (pending rulings on motions *in limine*): The following is a concise statement of those issues of fact which remain to be

litigated/are in dispute:

    a.    Whether the design of 2004 Yamaha Road Star Silverado motorcycle was defective and unreasonably dangerous because it lacked sufficient conspicuity to approaching motorists;

    b.    Whether the alleged defects caused the accident and Troy Walker's injuries and the Plaintiffs' other losses and damages;

    c.    Whether Laura Rodriguez was negligent and caused or contributed to Troy Walker's injuries;

    d.    Whether Troy Walker was negligent and caused or contributed to the crash and injuries;

    e.    Whether Ed Tucker Distributor, Inc. of MHR Helmets/Jiangmen Pengcheng Helmets Limited were negligent in the design or distribution of the helmet and whether that negligence caused or contributed to Troy Walker's injuries.

## 12.    DISPUTED LEGAL ISSUES:

The following is a concise statement of those issues of law which remain for

determination by the Court:

    a.    Whether Defendants, Yamaha Motor Corporation, U.S.A. and Yamaha Motor Co., Ltd., are entitled to Summary Judgment based on Plaintiffs' failure to conclusively demonstrate that no genuine issue of material fact exists which could establish that the Yamaha Defendants are either strictly or negligently liable on Plaintiffs' conspicuity claim [DE 152];

    b.    Whether the testimony of Plaintiff's Expert, Peter Hancock, satisfies all of the criteria for the admissibility of expert testimony [DE 153];

    c.    Whether the testimony of Plaintiff's Expert, Robert Wright, satisfies all of the criteria for the admissibility of expert testimony [DE 154];

    d.    The evidentiary issues raised in the Plaintiffs' Omnibus Motion *in Limine*:

        1.  Admissibility of lay witness and/or speculative opinion testimony;

        2.  Admissibility of hearsay evidence and testimony;

        3.  Whether the consumer expectation test should be used;

        4.  Admissibility of evidence of Yamaha's conduct in designing the subject vehicle;

        5.  Admissibility of Yamaha's compliance with federal standards;

        6.  Admissibility of Yamaha's compliance with industry standards;

        7.  Admissibility of any alleged spoliation claim by Yamaha;

        8.  Admissibility of evidence related to two citations Ms. Rodriguez received in relation to the collision;

        9.  Admissibility of evidence of the criminal trial related to the citations issued to Ms. Rodriguez;

    10. Admissibility of Officer Jerome Godwin's opinion that Ms. Rodriguez was culpably negligent because her driver's license stated she was required to wear corrective lenses;

    11. Admissibility of evidence related to Ms. Rodriguez's lasik eye procedure;

    12. Admissibility of evidence related to Joan Walker's arrest in 2014 for drug possession;

    13. Admissibility of evidence of payments made to or on behalf of Troy Walker for accident-related injuries by his worker's compensation carrier and Medicare, or any reference to health insurance coverage under the Affordable Care Act;

    14. Admissibility of evidence related to other motorcycles owned or ridden by Troy Walker before to the subject accident;

    15. Admissibility of evidence of the settlement with Ed Tucker Distributor, Inc.

e.    Whether Yamaha failed to timely disclose evidence and competent opinions that Troy Walker was in any way at fault for causing or contributing to the crash and injuries;

f.    Whether Yamaha failed to timely disclose evidence and opinions that Ed Tucker Distributor, Inc. and/or MHR Helmets/Jiangmen Pengcheng Helmets Limited negligently designed or distributed the helmet and whether that negligence caused or contributed to Troy Walker's injuries;

g.    Whether Plaintiffs have satisfied their burden to prove that the 2004 Yamaha Road Star Silverado was defective in design;

h.    Whether Plaintiffs have satisfied their burden of establishing that a defect in the design of the 2004 Yamaha Road Star Silverado was the cause of Troy Walker's injuries;

i.    Whether Plaintiffs Joan Walker, minor child T.W. and minor child M.D. have met their burden to establish an entitlement to damages for loss of filial and parents consortium;

j.    The evidentiary issues raised in the Defendants' Omnibus Motion *in Limine* regarding:

    1. other accidents, lawsuits and complaints;

    2. post-manufacture evidence;

    3. Expert speculation regarding what would have happened under different factual circumstances;

    4. Plaintiffs' Experts testimony as to what other witnesses saw, heard, or otherwise knew;

    5. Limitation of Plaintiffs' Experts Opinions to those stated in their depositions and reports;

    6. Limitation of Plaintiffs' Experts or counsel form referring to Peter Hancock's work in this case as an "experiment" or any other terminology that suggests an empirical, scientific basis;

    7. Motion in Limine to Limit Plaintiffs in the Following Ways

      i.  Making improper suggestions that the Yamaha Defendants delayed this case;

     ii.  Propriety of Plaintiffs' argument; appeals to emotion, sympathy or prejudice;

    **iii.**  Referring to Witnesses as "Liars"; - **Plaintiffs' have agreed to this portion of the Motion in Limine.  Thus, no ruling is required.**

     iv.  Remarking upon Yamaha Defendant's wealth or relative size or reference national or cultural differences;

     v.  Evidence, statements, and references to the cost of the Yamaha Defendants' defense should be excluded;

    vi.  Should not be permitted to state to the Jury that products liability lawsuits result in "safer" products;

8.  Exclusion of references to well-known product liability lawsuits or recalls (e.g. Breast implants, Dalkon Shield, GM Side Saddle Tank Pick-up Trucks, Crown Victoria Police Interceptor, Ford Pinto, etc.)

## 13.    EVIDENTIARY DISPUTES:

The parties have no disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure.  The party's objections to exhibits and witnesses are stated above or attached hereto.

## 14.    PENDING MOTIONS:

**Plaintiffs**

1.    Plaintiffs' Response in Opposition to Defendants' Motion to Strike Plaintiffs' Expert, Robert Wright [DE 160];
2.    Plaintiffs' Response in Opposition to Defendants' Motion to Strike Plaintiffs' Expert, Peter Hancock [DE 161];
3.    Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment [DE 164];
4.    Plaintiffs' Omnibus Motion *in Limine* [DE 193].

**Defendant's Motions:**

a.    Defendants' Motion for Summary Judgment [DE 152]
b.    Defendants' Motion to Strike Plaintiffs' Expert, Peter Hancock [DE 153];
c.    Defendants' Motion to Strike Plaintiffs' Expert, Robert Wright [DE 154];

    d.    Defendants' Motion Defendants' Omnibus Motion in Limine [Doc 192]

**15.    JOINT VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORM**

    a.    Joint Voir Dire Questions are attached hereto as **Exhibit "E"**.

    b.    Joint Jury Instructions, including contested charges, are attached hereto as **Exhibit "F"**.

    c.    Plaintiffs' Requested Verdict Form and Defendants' Requested Verdict Form are attached as **Exhibits "G"** and **"H",** respectively.

**16.    LENGTH OF TRIAL** – 14 trial days

Respectfully submitted this   11th   day of February, 2016.

/s/ Larry E. Coben
**Larry E. Coben**
*Admitted Pro Hac Vice*
lcoben@anapolweiss.com
**Jo Ann Niemi**
*Admitted Pro Hac Vice*
jniemi@anapolweiss.com
Anapol Weiss
8700 East Vista Bonita Drive, Suite 268
Scottsdale, Arizona 85255
Telephone:  (480) 515-4745
Facsimile:  (408) 515-4744

- and -

**John R. Overchuck**
Florida Bar No. 112510
john@overchuck.com
**Kathryn D. Anderson**
Florida Bar No. 748951
katie@overchuck.com
Overchuck Law Firm
1503 W Smith Street
Orlando, Florida 32804
Telephone: (407) 478-4935
Facsimile:  (407) 872-6822
**ATTORNEYS FOR PLAINTIFFS**

/s/ Larry E. Coben with permission of
**John C. Seipp, Jr.**
Florida Bar No. 289264
john.seipp@bowmanandbrooke.com
**Frank D. Hosley**
Florida Bar No. 078972
frank.hosley@bowmanandbrooke.com
**Nhan T. Lee**
Florida Bar No. 596061
nhan.lee@bowmanandbrooke.com
**Jon J. Hernan**
Florida Bar No. 658588
jon.hernan@bowmanandbrooke.com
Bowman and Brooke LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, Florida 32746
Telephone:  (407) 585-7600
Facsimile:   (407) 585-7610
Attorneys for Defendants
**YAMAHA MOTOR CO., LTD., and YAMAHA MOTOR CORPORATION, USA**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing generated by CM/ECF to the following:

| | |
|---|---|
| **John C. Seipp, Jr., Esq.**<br>**Frank D. Hosley, Esq.**<br>**Nhan T. Lee, Esq.**<br>**Jon J. Hernan, Esq.**<br>(attorneys for Yamaha Motor Co., Ltd. and Yamaha Motor Corporation, U.S.A. | john.seipp@bowmanandbrooke.com<br>frank.hosley@bowmanandbrooke.com<br>nhan.lee@bowmanandbrooke.com<br>jon.hernan@bowmanandbrooke.com |
| **Ernest H. Eubanks, Jr.**<br>**Steven I. Klein, Esq.**<br>Rumberger, Kirk & Caldwell<br>(attorneys for Ed Tucker Distributor) | seubanks@rumberger.com;<br>sklein@rumberger.com;<br>seubankssecy@rumberger.com;<br>skleinsecy@rumberger.com;<br>docketingorlando@rumberger.com |
| **C. Scott Toomey, Esq. (pro hac vice)**<br>Littleton Joyce Ughetta Park & Kelly LLP<br>(attorney for Ed Tucker Distributor) | scott.toomey@littletonjoyce.com;<br>stephanie.venuti@littletonjoyce.com |
| **John R. Overchuck. Esq.**<br>**Kathryn D. Anderson, Esq.**<br>(attorneys for Plaintiffs) | john@overchucklaw.com;<br>katie@overchuck.com;<br>joy@productslaw.net;<br>reception@productslaw.net; |

/s/ Larry E. Coben
**Larry E. Coben**
*Admitted Pro Hac Vice*
lcoben@anapolweiss.com
**Jo Ann Niemi**
*Admitted Pro Hac Vice*
jniemi@anapolweiss.com
Anapol Weiss
8700 East Vista Bonita Drive, Suite 268
Scottsdale, Arizona 85255
Telephone:  (480) 515-4745
Facsimile:  (408) 515-4744
Attorneys for Plaintiffs